```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**JOEL M. DONEY, ET AL.**                                      **CIVIL ACTION**

**VERSUS**                                                     **NO. 15-2113**

**HAMMOND CITY, ET AL.**                                       **SECTION "B"(4)**

                          ORDER AND REASONS

Before the Court is Defendant's, Bennett's Towing & Recovery, Inc. ("Bennett"), "Motion to Dismiss for Plaintiff's Failure to State A Claim" (Rec. Doc. 31), as well as Plaintiffs', Joel M. Doney and Kathleen G. Doney,[1] opposition thereto (Rec. Doc. 36) and Defendant's corresponding reply (Rec. Doc. 42). Defendant seeks to have Plaintiffs' claims against it be dismissed with prejudice on the grounds that Plaintiffs' Original, First, and Second Amended Complaint fail to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

**I.   CONTENTIONS OF PARTIES**

Defendant notes that Plaintiffs have amended their Original Complaint, filed June 15, 2015 (Rec. Doc. 1), twice within the course of these proceedings. (Rec. Doc. 31-1 at 2) (citing Rec. Docs. 3, 12). Despite these amendments, Defendant maintains that Plaintiff has not made any allegations, factual or otherwise, concerning any conduct of Defendant Bennett alleged to have cause

---

[1] Plaintiffs appear in their individual capacity and in the capacity of representatives of a class of persons whose vehicles were illegally towed on July 4, 2014 in the City of Hammond, Louisiana and as representatives of a class of persons subjected to excessive towing fees and storage charges.

harm to Plaintiffs or any other person(s). (Rec. Doc. 31-1 at 3). Specifically, Plaintiffs' cause of action revolves around the alleged towing without notice of their legally parked vehicles, and subsequent excess payment to secure return of the same, at the direction of the Hammond Police Department. (Rec. Doc. 12 at 1). As Defendant properly points out, Plaintiffs do not allege that Defendant Bennett took any part in this wrongdoing, so that dismissal of Plaintiffs' claims against Defendant seems proper.

However, Plaintiffs aver that, "[o]n information and belief, [] Bennett as an authorized towing company, towed five vehicles on July 4, 2014, and presumably towed other vehicles during the applicable period which would be one year prior to the date the original complaint was filed, that is June 14, 2014, to the present date." (Rec. Doc. 36 at 3).[2] Plaintiffs further argue that the issue raised by Defendant can be cured by an amendment pursuant to Fed. R. Civ. P. 15(a)(2).

## II. STANDARD FOR ALLOWING LEAVE TO AMEND COMPLAINT

When a claim is raised for the first time in response to a motion, this Court must construe that claim as a motion to amend the complaint under Fed. R. Civ. P. 15(a). *See Riley v. Sch. Bd. Union Parish*, 379 Fed. Appx. 335, 341 (5th Cir. 2010) (citations omitted). While Fed. R. Civ. P. 15(a) states that leave to amend

---

[2] This Court notes that it takes no stance on the admissibility of Plaintiffs' attached exhibit (Rec. Doc. 36-1), as it was not considered for the purposes of the Court's decision here.

"shall be freely given when justice so requires[,]" thus evincing a liberal amendment policy, *see Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998), leave to amend is not automatic and is within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Nonetheless, the court should grant leave "[i]n the absence of any apparent or declared reason[.]" *Id.* Those reasons include, but are not limited to, "undue delay, bad faith or dilatory motive on the part of the [party seeking to amend], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*

**III. DISCUSSION**

Here, allowance of amendment is warranted, though it must be limited. In making its decision, the Court first notes that there will be no undue delay in allowing Plaintiffs a brief period of time in which to cure the aforementioned deficiency in their complaint. Further, no bad faith or dilatory motive on the part of the Plaintiffs has been shown. Although it is true that Plaintiffs have had many opportunities to amend their underlying complaint, which has now been amended twice, such amendments took place prior to any of the defendants appearing in the action. (Rec. Doc. 9-1 at 2). Additionally, no undue prejudice to Defendant Bennett has been shown, other than Defendant having to defend itself in this lawsuit, and amendment would certainly not be futile.

However, this Court need point out that Plaintiffs, in their Motion for Leave of Court to File Second Amended Complaint, stated that "[t]he Second Amended Complaint [would] have all proper parties identified and the claims of the plaintiffs [would] be clearly set forth." (Rec. Doc. 9-1 at 2). This statement was, quite obviously, incorrect. Further, Plaintiffs have already been put on notice of their failure to allege facts sufficient to state claims against certain defendants by Defendant's, Plaza Insurance Company ("Plaza"), Motions to Dismiss (Rec. Docs. 22, 23), which were granted as unopposed by this Court on December 16, 2015. (Rec. Doc. 33). For these reasons, Plaintiffs' request for leave to amend must only be permitted to the extent requested – as it pertains to Defendant Bennett. Failure to timely amend shall lead to dismissal with prejudice of Plaintiffs' claims against Defendant Bennett. Finally, as this Court believes Plaintiffs have been given sufficient notice of their complaint's deficiencies, and have not moved for leave to amend other than the instant request regarding Defendant Bennett, any further requests to amend will be viewed with disfavor by this Court.

**IV. CONCLUSION**

In light of the foregoing, **IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiffs' request for leave to amend is **GRANTED**; Plaintiff must amend **within fourteen (14) days**

4

of this Order and cure the noted deficiencies and failure to timely and effectively do so will lead to dismissal with prejudice.

New Orleans, Louisiana, this 19th day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE