UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOEL M. DONEY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2113** |
| **HAMMOND CITY, ET AL.** | **SECTION "B"(4)** |

ORDER AND REASONS

I.   NATURE OF MOTIONS AND RELIEF SOUGHT

Before the Court is Plaintiffs', Joel M. Doney and Kathleen G. Doney,[1] "Motion for Reconsideration" (Rec. Doc. 56), seeking reconsideration of this Court's Order granting as unopposed the "Motion to Dismiss for Failure to State A Claim" filed by Defendant, Orlin Shorty Rogers d/b/a Rogers Towing & Recovery Service ("Rogers Towing"). (*See* Rec. Docs. 40, 55). Also before the Court is Plaintiffs' "Motion for Leave of Court to File Third Amended Complaint" (Rec. Doc. 61), filed in response to this Court's Order and Reasons denying without prejudice Defendant's, Bennett's Towing & Recovery, Inc. ("Bennett's Towing"), "Motion to Dismiss for Plaintiff's Failure to State A Claim" and granting Plaintiffs' request for leave to amend as to Defendant Bennett's Towing. (*See* Rec. Docs. 31, 36, 42, 54). Additionally before the Court is Defendant Orlin's "Memorandum in Opposition to

---

[1] Plaintiffs appear in their individual capacity and in the capacity of representatives of a class of persons whose vehicles were illegally towed on July 4, 2014 in the City of Hammond, Louisiana and as representatives of a class of persons subjected to excessive towing fees and storage charges.

1

Plaintiffs' Motion for Reconsideration and Motion for Leave to File Third Amended Complaint." (Rec. Doc. 65).

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs Motions are **DENIED**.

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiffs filed their original Complaint pursuant to 42 U.S.C. § 1981 and § 1983 on June 15, 2015, alleging that the City of Hammond, through the Hammond Police Department, illegally ordered their vehicles be towed on July 4, 2014. (Rec. Doc. 1 at 5). Named Defendants included the City of Hammond, the Police Department of the City of Hammond, and a multitude of towing companies identified in their own capacity or as John Doe defendants. (Rec. Doc. 1 at 3-4). On September 22, 2015, Plaintiffs amended their Complaint to specify the identity of the John Doe defendants and to add as defendants the liability insurance carriers of some of the towing companies. (Rec. Doc. 3 at 2-5).[2] Plaintiffs moved to file a Second Amended Complaint on October 13, 2015, stating that it would "have all proper parties identified and the claims of the plaintiffs [would] be clearly set forth." (Rec. Doc. 9-1 at 2). It was filed on October 19, 2015, pursuant to this Court's Order granting leave to file (Rec. Doc. 11, 12).

---

[2] On January 29, 2016, Plaintiffs voluntarily dismissed parties that were incorrectly identified. (Rec. Doc. 58).

Though Plaintiffs name a multitude of defendants,[3] Plaintiffs' Second Amended Complaint alleged conduct only on behalf of Defendants Hammond, the HPD, Phil's Service, and John's Service, but did not allege that any of the other towing companies performed wrongful or illegal acts. (*See* Rec. Doc. 12). Accordingly, on December 1, 2015, Defendant Plaza Insurance Company filed two motions to dismiss, based on the lack of allegations against the towing companies it allegedly insured – Defendants A&B Towing and Darren's Towing. (Rec. Docs. 22, 23). This Court granted those motions as unopposed on December 16, 2015 and Plaintiffs did not move for reconsideration. (Rec. Doc. 33). On December 14, 2015, Defendant Bennett's Towing filed a motion to dismiss similarly based on the lack of allegations against it (Rec. Doc. 31), which Plaintiffs opposed on December 28, 2015 by adding additional allegations against Defendant Bennett's Towing and seeking leave

---

[3] At the time of the Second Amended Complaint, named Defendants included: the City of Hammond, Louisiana ("Hammond"); the Police Department of the City of Hammond, Louisiana ("the HPD"); Johnnie E. Johnson d/b/a John's Wrecker Service ("John's Service"); Phil's 24 Hour Wrecker Service, Inc. ("Phil's Service"); Bennett's Towing & Recovery, Inc. ("Bennett's Towing"); Darren J. Phillips d/b/a Darren's Towing & Body Shop ("Darren's Towing"); The Big Wheel Inc.; Nick J. Polisso, Jr. d/b/a A&B Towing ("A&B Towing"); Cooper's Wrecker Service, Inc. ("Cooper's Service"); Orlin Rogers d/b/a Rogers Towing & Recovery Service ("Rogers Towing"); Tigertown Tow & Recovery L.L.C. ("Tigertown Tow"); Western World Insurance Company (in solido with Tigertown Tow); Associated Industries Insurance Company (in solido with Cooper's Service) (dismissed voluntarily on February 23, 2015); Western Heritage Insurance Company (in solido with Cooper's Service) (dismissed voluntarily on November 13, 2015); Plaza Insurance Company (in solido with A&B Towing and Darren's Towing); National Fire & Marine Insurance Company (in solido with John's Service); and Shelter General Insurance Company (incorrectly named Shelter Mutual Insurance Company) (in solido with John's Service). (Rec. Doc. 12 at 3-6).

to amend to cure "[t]he issue raised by Bennett's [Towing] in its motion to dismiss[.]" (Rec. Doc. 36 at 3). Just three days later, on December 31, 2015, Defendant Rogers Towing filed a motion to dismiss likewise based on the lack of allegations against it, which Plaintiffs failed to timely oppose. (Rec. Doc. 40).

On January 19, 2016,[4] this Court signed an Order and Reasons as to the opposed motion filed by Defendant Bennett's Towing, denying it without prejudice and granting Plaintiffs' request for leave to amend "to the extent requested – as it pertains to Defendant Bennett['s Towing]." (Rec. Doc. 54). On January 20, 2016, this Court granted Defendant Rogers Towing's unopposed motion after observing "that the motion ha[d] merit." (Rec. Doc. 55 at 1). One day later, on January 21, 2016, Plaintiffs timely filed the instant motion for reconsideration of the Court's Order granting Defendant Rogers Towing's motion, and on February 2, 2016, Plaintiffs timely filed the instant motion for leave to amend their complaint. (Rec. Docs. 56, 61).

**III. STANDARD FOR VACATING OR RECONSIDERING A JUDGMENT OR ORDER**

When a party moves to vacate or reconsider an order, courts apply either Rule 59(e) or Rule 60(b). Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

---

[4] Filed on January 20, 2016. (*See* Rec. Doc. 54).

4

Because Plaintiffs' Motion for Reconsideration does not specify under which rule they are entitled to relief, but cites to case law interpreting Rule 59(e), that rule will be applied. Additionally, Plaintiffs' motion was filed within twenty-eight days, further persuading this Court that application of that rule is appropriate here.

Although Rule 59(e) does not specify grounds for altering or amending a judgment, courts recognize that it "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Such a motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. Id. In order for a party to prevail on a Rule 59(e) motion, it must satisfy one of the following: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law." *Flynn v. Terrebonne Parish Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004) (citations omitted).

**IV. STANDARD FOR ALLOWING LEAVE TO AMEND COMPLAINT**

Fed. R. Civ. P. 15(a) states that leave to amend "shall be freely given when justice so requires[,]" thus evincing a liberal amendment policy. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). However, leave to amend is not automatic and is within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Nonetheless, the court should grant leave "[i]n the absence of any apparent or declared reason[.]" *Id.* Those reasons include, but are not limited to, "undue delay, bad faith or dilatory motive on the part of the [party seeking to amend], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*

**V. DISCUSSION**

**A. Plaintiffs' Motion for Reconsideration**

Plaintiffs move for reconsideration on the grounds that "a new trial should be granted to correct manifest errors of law and fact." (Rec. Doc. 56-1 at 2). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)).

6

"Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Id.* at 568 (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)).

In Plaintiffs' Motion, they argue that reconsideration is appropriate because "the Court denied a motion to dismiss filed by another defendant, Bennett's Towing & Recovery, Inc.[;]" therefore, "[a]t the time the Court granted Rogers [Towing's] motion to dismiss, the Court was aware that it had already rejected the identical argument made by another defendant." (Rec. Doc. 56-1 at 2). This is Plaintiffs' only argument. As will be discussed, it is problematic for multiple reasons.

First, relief under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller*, 342 F.3d at 567 (quoting *Rosenzweig*, 332 F.3d at 864). Plaintiffs' sole argument is based on an allegation that the Court had knowledge of the existence of a meritorious defense to Defendant Rogers Towing's motion at the time of its decision. Such an argument unavoidably concedes that any defense now maintained by Plaintiffs in response to Defendant Rogers Towing's motion existed at the time of this Court's Order issued on January 20, 2016. (Rec. Doc. 55). As previously stated, Rule 59(e) does not exist to allow Plaintiffs to rehash arguments that could have been made prior to entry of the Order.

Second, this Court points out that the Order and Reasons denying without prejudice the motion filed by Defendant Bennett's Towing was by no means based on an identical argument so as to mandate denial of Defendant Rogers Towing's motion. Rather, the Court determined that the Second Amended Complaint made no mention of actions taken by either Defendant Bennett's Towing or Defendant Rogers Towing. Nonetheless, it allowed Plaintiffs the opportunity to amend in regard to the former in light of Plaintiffs' opposition, which stated that "[o]n information and belief, [] Bennett['s Towing] as an authorized towing company, towed five vehicles on July 4, 2014, and presumably towed other vehicles during the applicable period which would be one year prior to the date the original complaint was filed, that is June 14, 2014, to the present date." (Rec. Doc. 54 at 2) (citing Rec. Doc. 36 at 3).[5] Thus, the Court's decision to deny without prejudice the motion filed by Defendant Bennett's Towing was based on added allegations against Defendant Bennett's Towing – allegations that would not likewise justify rejecting Defendant Rogers Towing's motion based on the lack of allegations against it and no opposition evincing the contrary.

---

[5] The Court made clear that it did not consider Plaintiffs' attached exhibit in reaching its decision. (Rec. Doc. 54 at 2 n.2) (citing Rec. Doc. 36-1). This is the only document referencing Defendant Rogers Towing in Plaintiffs' opposition to Defendant Bennett's Towing, and it is hearsay pursuant to Fed. R. Evid. 801, 803.

Finally, it should be noted that this Court has actually granted two other unopposed motions in this case based on the identical argument that there were no allegations against certain towing companies. (Rec. Docs. 22, 23, 33). Thus, Plaintiffs' suggestion that the Court must deny Defendant Rogers Towing's motion because it "rejected the identical argument made by another defendant" fails to take the entire record into consideration. Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Reconsideration is **DENIED**.

**B. Plaintiffs' Motion for Leave to Amend**

In Plaintiffs' "Memorandum in Support of Plaintiff's [sic] Motion for Leave to File Third Amended Complaint," they state that "Plaintiff [sic] moves the court for leave to file into the record a third amended complaint to set forth more clearly certain factual allegations as more fully discussed in the Court's January 19, 2016 Order." (Rec. Doc. 61-1 at 1) (citing Rec. Doc. 54).[6] The Court's January 19, 2016 Order and Reasons stated in relevant part:

> Plaintiffs, in their Motion for Leave of Court to File Second Amended Complaint, stated that "[t]he Second Amended Complaint [would] have all proper parties identified and the claims of the plaintiffs [would] be clearly set forth." (Rec. Doc. 9-1 at 2). This statement was, quite obviously, incorrect. Further, **Plaintiffs have already been put on notice of their failure to allege facts sufficient to state claims against certain defendants** by

---

[6] Plaintiffs further state that "[t]he motion is not opposed." (Rec. Doc. 61-1 at 1). Nonetheless, Defendant Rogers Towing timely filed opposition memoranda. (Rec. Doc. 65).

9

> Defendant's, Plaza Insurance Company [], Motions to Dismiss (Rec. Docs. 22, 23), which were granted as unopposed by this Court on December 16, 2015. (Rec. Doc. 33). For these reasons, **Plaintiffs' request for leave to amend must only be permitted to the extent requested – as it pertains to Defendant Bennett['s Towing].** . . . Finally, as this Court believes **Plaintiffs have been given sufficient notice of their complaint's deficiencies,** and **have not moved for leave to amend other than the instant request regarding Defendant Bennett['s Towing],** any **further requests to amend will be viewed with disfavor** by this Court.

(Rec. Doc. 54 at 4) (emphasis added). Nonetheless, Plaintiffs' attached Third Amended Complaint adds factual allegations against almost all of the defendants, including those that have been dismissed with prejudice – Plaza Insurance Company and Rogers Towing.[7] The motion, which cites the Court's January 19, 2016 Order and Reasons as authority, attaches a complaint in direct violation of that Court Order.

Still, leave to amend should be granted in the absence of "undue delay, bad faith or dilatory motive on the part of the [party seeking to amend], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182. In regard to undue delay,

---

[7] The time to move for reconsideration of this Court's Order dismissing with prejudice claims against Plaza Insurance Company expired January 15, 2016 (Rec. Doc. 33) and Plaintiffs' motion for reconsideration as to the dismissal of claims against Rogers Towing was already denied, *supra*.

10

we observe that Plaintiffs have been on notice of their complaint's deficiencies as of December 1, 2016 (when Plaza Insurance Company filed its motions to dismiss) but have nevertheless continuously failed to amend their complaint accordingly or even to oppose three separate motions. Though we assume no bad faith on behalf of the Plaintiffs, it is again noted that the amended complaint which they seek to file is in direct breach of this Court's prior Order. Additionally, Plaintiffs have repeatedly amended their complaint and failed to cure its deficiencies.

Furthermore, there would undoubtedly be undue prejudice on the opposing party, Rogers Towing, by virtue of allowance of the amendment. Specifically, Rogers Towing would be brought back in to a lawsuit from which it was already dismissed. Finally, while there has been no decision on the sufficiency of the allegations in the Third Amended Complaint for the aforementioned reasons, the Court remarks that the suggested amendment appears futile. Particularly, while Plaintiffs add that towing companies other than Phil's Service and John's Service towed vehicles in the relevant area during the relevant times, they do not set forth a cause of action against these companies. Rather, Plaintiffs allege the unconstitutional seizure of property and denial of due process of law, but their claims primarily rely on the actions of Hammond

11

and/or the HPD. (*See* Rec. Doc. 61-2 at 9-16).[8] Plaintiffs do not appear to maintain any viable causes of actions against the defendants they now seek to bring additional allegations against.[9] Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Leave of Court to File Third Amended Complaint is **DENIED.**

VI. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Plaintiffs' Motion for Reconsideration is **DENIED** and Plaintiffs' Motion for Leave of Court to File Third Amended Complaint is likewise **DENIED.**

New Orleans, Louisiana, this 24th day of February, 2016.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[8] *See, e.g.*, Rec. Doc. 61-2 at 9-10 ("Hammond failed to take the necessary precautions to insure that its police officers would not authorize the towing [sic] vehicles which were legally parked at the time the police officers called the defendant towing operators[.]"); Rec. Doc. 61-2 at 10 ("Hammond has failed to insure that the amounts charged by . . . towing operators . . . do not exceed the amount authorized by law.").

[9] Though Plaintiffs state that "[t]here is no immunity for any defendant who charges fees in excess of the amount permitted by law," they fail to allege that any of the towing companies charged towing fees in excess of what is legally permissible. (Rec. Doc. 61-2 at 13).

12