**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

JOEL M. DONEY, ET AL.                    CIVIL ACTION

VERSUS                                   NO. 15-2113

HAMMOND CITY, ET AL.                     SECTION "B"(4)

<u>ORDER AND REASONS</u>

I.    NATURE OF MOTIONS AND RELIEF SOUGHT

Before the Court are Defendants', John Johnson and Shelter
General Insurance Company, "Motion for Summary Judgement" (Rec.
Doc. 105), Plaintiff's, Joel M. Doney, "Opposition to Motion for
Summary Judgement" (Rec. Doc. 118), Defendant's, National Fire &
Marine Insurance Company, "Motion for Summary Judgment under the
Direct Action Statute" (Rec. Doc. 107), and Plaintiff's, Joel M.
Doney "Response to Motion for Summary Judgment" (Rec. Doc. 119),
and Defendant's, National Fire and Marine Insurance Company,
"Motion for Summary Judgment" (Rec. Doc. 108) and Plaintiff's,
Joel M. Doney, "Response to Motion for Summary Judgement" (Rec.
Doc. 120) and Defendant's, National Fire and Marine Insurance
Company, "Motion for Partial Summary Judgement" (Rec. Doc. 109)
and Plaintiff's, Joel M. Doney, "Response to Motion for Partial
Summary Judgment" (Rec. Doc. 121).

For the foregoing reasons, **IT IS ORDERED** that Defendants'
John Johnson and Shelter General Insurance Company "Motion for

1

Summary Judgment" (Rec. Doc. 105) and National Fire and Marine Insurance Company "Motion for Summary Judgement Under the Direct Action Statute" (Rec. Doc. 107) be **GRANTED. IT IS FURTHER ORDERED** that Defendant, National Fire and Marine Insurance Company's "Motion for Summary Judgement" (Rec. Doc. 108) and "Motion for Partial Summary Judgment" (Rec. Doc. 109) be **DISMISSED AS MOOT.**

### FACTS AND PROCEDURAL HISTORY

Plaintiffs filed their original Complaint pursuant to 42 U.S.C. § 1981 and § 1983 on June 15, 2015, alleging that the City of Hammond, through the Hammond Police Department, illegally ordered their vehicles be towed on July 4, 2014. (Rec. Doc. 1 at 5). Named Defendants included the City of Hammond, the Police Department of the City of Hammond, and a multitude of towing companies identified in their own capacity or as John Doe defendants. (Rec. Doc. 1 at 3-4). On September 22, 2015, Plaintiffs amended their Complaint to specify the identity of the John Doe defendants and to add as defendants the liability insurance carriers of some of the towing companies, including National Fire and Marine Company (Rec. Doc. 3 at 2-5).[1] Plaintiffs moved to file a Second Amended Complaint on October 13, 2015, stating that it would "have all proper parties identified and the claims of the plaintiffs [would] be clearly set forth." (Rec. Doc. 9-1 at 2). It

---

[1] On January 29, 2016, Plaintiffs voluntarily dismissed parties that were incorrectly identified. (Rec. Doc. 58).

was filed on October 19, 2015, pursuant to this Court's Order granting leave to file (Rec. Doc. 11, 12).

Defendant, City of Hammond, Louisiana filed a motion to dismiss (Rec. Doc. 92.) This Court Granted the motion in its August 11, 2016 Order and Reasons (Rec. Doc. 122). Defendants John Johnson, Shelter General Insurance Company and National Fire and Marine Insurance Company have filed motions for summary judgement.

## II.   CONTENTIONS OF MOVANTS

In Defendants' Motion for Summary Judgment, John Johnson and Shelter General Insurance Company argue that their actions do not constitute a cause of action under a section 1983 claim. Defendants argue that the Plaintiffs cannot establish a causal link between the state action and the alleged constitutional violation. National Fire and Marine Insurance Company adopt this contention in their motion for Summary Judgment.

## III.   CONTENTIONS OF OPPONENT

In response to Defendant' motion, Plaintiff argues that the authority regarding section 1983 causality that the Defendants cite is distinguishable from the facts of the instant matter.

## IV.   SUMMARY JUDGEMENT STANDARD

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact

warranting trial. . . . Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

**V.    DISCUSSION**

**A. John Johnson and Shelter General Insurance Company Motion for Summary Judgement**

Under section 1983 a Plaintiff must allege facts tending to show that "(1) he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law." *Landry v. A-Able Bonding*, 75 F.3d 200, 203 (5th Cir. 1996). Specifically, "in order to prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action. In § 1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action' requirement and § 1983's 'color of state law' requirement collapse into a single inquiry." *Landry v. A-Able Bonding*, 75 F.3d at 203.

In order for the actions of a private party to be considered state action under section 1983 it must be deemed "fairly

attributed to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 948-949 (1982). Private action must meet certain requirements in order for it to be deemed attributed to the state: (1)" the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible" and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. at 937.

However, even if a private actor engages in conduct under the color of state law, there must be a causal link between the state action and the alleged constitutional violation in order to have a valid section 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-692 (1978).

The parties agree that on July 4, 2014 at approximately 6:30 a.m. the Hammond Police Department Officers gave orders to tow the Plaintiffs' vehicles (Rec. Doc 105-3 and Rec. Doc. 118-1). The parties also agree that the Hammond Police Department employed tow trucks in order to execute the tow order (Rec. Doc. 104-3 and Rec. Doc. 118-1). The Defendant, John Johnson was acting under the color of state law at the time it towed the

vehicle because its actions were at the request of the City of Hammond. However, the Defendant's actions are not causally related to the constitutional violation under section 1983. In *Mays v. Scranton City Police Dep't*, a district court dismissed a tow truck defendant after it determined that causation did not exist. 503 F. Supp. 1255, 1264-1265 (M.D. Pa. 1980). The court explained, "the constitutional violation found here is the failure to afford a hearing prior to the imposition of the lien for towing and storage costs. The towing itself is not the constitutional deprivation; nor can the detention of the vehicle alone be considered a denial of constitutional rights... the tower is the interested bystander to the dispute...in sum, the city police department, not the tower, 'causes' the failure to afford a hearing that denies plaintiff due process." *Mays v. Scranton City Police Dep't,* 503 F. Supp. At 1264-1265.

Similarly, the alleged violation in the instant matter is a due process issue based on the failure of the government to provide a post-deprivation hearing. The towing and the subsequent retention of the Plaintiff's vehicle is not a constitutional violation. In this case there is no genuine issue as to the material fact that John Johnson's towing of the Plaintiff's vehicle gave rise to the instant matter. However, given the facts of this case, those actions do not create

causality under a section 1983 constitutional analysis. Summary judgement is appropriate as to the Plaintiff's claims.

In the alternative, this court in its August 11, 2016 Order and Reasons granted the Defendant, City of Hammond, Motion to dismiss (Rec. Doc. 122). Consequently, given that there is no longer a state actor, even if Defendant John Johnson's actions are deemed to be causally connected a constitutional violation, the section 1983 claim has failed without a state actor and summary judgement is still appropriate.

**B. National Fire Marine Insurance Company Motion for Summary Judgement Under the Direct Action Standard, Motion for Summary Judgment and Partial Motion for Summary Judgement**

Unless certain circumstances exist, under the Louisiana direct action statute a direct right of action against a liability insurer can only be brought if the plaintiff possess a substantive cause of action against the insured. La. R.S. 22:1269; *OXY USA, Inc. v. Quintana Prod. Co.*, 79 So. 3d 366, 377 (La. App. 1 Cir. 2011). There is no indication that any of the enumerated exceptions are present in the instant matter. La. R.S. 22:1269. Given that this court has granted summary judgement on the Defendants, John Johnson and Shelter General Insurance Company, this court also grants National Fire and Marine Insurance Company's motion for summary judgment under the direct action statute. National Fire and Marine Insurance Company's

8

remaining motions for summary judgement and partial summary judgement are dismissed as moot.

## VI.   CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Defendants' John Johnson and Shelter General Insurance Company "Motion for Summary Judgment" (Rec. Doc. 105) and National Fire and Marine Insurance Company "Motion for Summary Judgement Under the Direct Action Statute" (Rec. Doc. 107) be **GRANTED. IT IS FURTHER ORDERED** that Defendant, National Fire and Marine Insurance Company's "Motion for Summary Judgement" (Rec. Doc. 108) and "Motion for Partial Summary Judgement" (Rec. Doc. 109) be **DISMISSED AS MOOT.**


New Orleans, Louisiana, this 19TH day of September, 2016.

 

_____

SENIOR UNITED STATES DISTRICT JUDGE