**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JOEL M. DONEY, ET AL.**                                **CIVIL ACTION**

**VERSUS**                                               **NO. 15-2113**

**HAMMOND CITY, ET AL.**                                 **SECTION "B"(4)**

<u>**ORDER AND REASONS**</u>

**I.     NATURE OF MOTIONS AND RELIEF SOUGHT**

Before the Court is Plaintiffs', Joel M. Doney and Kathleen G. Doney,[1] "Motion a New Trial" (Rec. Doc. 131-1), seeking reconsideration of this Court's Order granting the "Motion to Dismiss" filed by Defendant, City of Hammond (Rec. Doc. 122) and the City of Hammond's "Opposition to Plaintiff's Motion for a New Trial" (Rec. Doc. 133).

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion be **DENIED**.

**I.     FACTS AND PROCEDURAL HISTORY**

The Plaintiffs filed their original Complaint on June 15, 2015, alleging that the City, through the Police Department ("the HPD"), had their vehicles illegally towed on July 4, 2014. (Rec. Doc. 1 at 5). Named Defendants included the City, the HPD, and a multitude of towing companies. (Rec. Doc. 1 at 3-4). On

---

[1] Plaintiffs appear in their individual capacity and in the capacity of representatives of a class of persons whose vehicles were illegally towed on July 4, 2014 in the City of Hammond, Louisiana and as representatives of a class of persons subjected to excessive towing fees and storage charges.

September 22, 2015, Plaintiffs amended their Complaint to identify certain defendants and to add as defendants the liability insurance carriers of some of the towing companies. (Rec. Doc. 3 at 2-5).[2] Plaintiffs moved to file a Second Amended Complaint on October 13, 2015, stating that they would "have all proper parties identified and the claims of the plaintiffs [would] be clearly set forth." (Rec. Doc. 9-1 at 2). This Court granted leave to file a Second Amended Complaint on October 19, 2015. (Rec. Docs. 11, 12).

This Court subsequently granted motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)filed by defendants Plaza Insurance Company (Rec. Doc. 33), Orlin Rogers d/b/a Rogers Towing & Recovery (Rec. Doc. 55), Darren Phillips (Rec. Doc. 90), Nick Polisso, Jr. (Rec. Doc. 90), and The Big Wheel, Inc. (Rec. Doc. 90). On December 14, 2015, Bennett's Towing & Recovery, Inc. ("Bennett's") filed a motion to dismiss similarly based on the lack of allegations against it (Rec. Doc. 31), which Plaintiffs opposed by adding additional allegations against Bennett's Towing and seeking leave to amend to add those allegations. (Rec. Doc. 36 at 3). On January 20, 2016, this Court filed its Order and Reasons as to the opposed motion filed by Bennett's Towing, denying it without prejudice and granting Plaintiffs'

---

[2] On January 29, 2016, Plaintiffs voluntarily dismissed parties that were incorrectly identified. (Rec. Doc. 58).

request for leave to amend "to the extent requested – as it pertains to Defendant Bennett['s Towing,]" but warning that "any further requests to amend [would] be viewed with disfavor[.]" (Rec. Doc. 54 at 4). The City filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Rec. Doc. 92). Plaintiffs filed opposition thereto, opposing dismissal of only the allegation concerning whether the City provided a pre- or post- deprivation remedy to Plaintiffs. (Rec. Doc. 96). This court granted the City's motion to dismiss in its August 11, 2016 Order and Reasons. Plaintiff's filed this instant motion on September 8, 2016.

## II.     STANDARD FOR RECONSIDERING AN ORDER

Fed. R. Civ. P. 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Such a motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Ferraro v. Libert Mut. Ins. Co.*, 2014 WL 5324987 at *1 (E.D. La. Oct. 17, 2014).

Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. Id. In order for a party to prevail on a Rule 59(e) motion, it must satisfy one of the following: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law." *Flynn v. Terrebonne Parish Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. Oct. 17, 2014).

**VI. DISCUSSION**

**Motion for Reconsideration**

The Plaintiffs move for reconsideration on the grounds that "a new trial should be granted to correct manifest errors of law and fact and to prevent manifest injustice." (Rec. Doc. 131-1 at 2). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the

controlling law." *Id.* at 568 (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)).

In Plaintiffs' Motion, they argue that reconsideration is appropriate because there is no-post deprivation hearing. However, Plaintiffs' argument primarily consists of a series of rhetorical questions and does not substantively explain why the Court's order had manifest errors of law and fact. The Plaintiffs failed to demonstrate how the Defendant deprived them of their right to a post-deprivation hearing using cognizable legal authority.

Relief under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller*, 342 F.3d at 567 (quoting *Rosenzweig*, 332 F.3d at 864). The Plaintiffs argue that the administrative hearing must be conducted by the City, citing La. R.S. 32:1711(B). Plaintiffs further sets forth arguments regarding the City's statements in Affirmative Defense fifteen. Both of these arguments are based on facts that could have been made at the time of this Court's Order issued on August 11, 2016. (Rec. Doc. 122). As previously stated, Rule 59(e) does not exist to allow Plaintiffs to rehash arguments that could have been made prior to entry of the Order. Consequently, the Plaintiffs' Motion for Reconsideration is inappropriate and does not meet the Fifth Circuit standard, and does not arise to a manifest error of law or fact.

**VII. CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that Plaintiffs' Motion for Reconsideration be **DENIED.**

New Orleans, Louisiana, this 28th day of September, 2016.

_____
    SENIOR UNITED STATES DISTRICT JUDGE